# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

ANGELA RICHARDSON                                                    PLAINTIFF
ADC #712575

V.                         No. 3:22-CV-82-DPM-JTR

DENNIS MCGINNIS,
Sgt., McPherson Unit, ADC                                            DEFENDANT

## ORDER

Plaintiff Angela Richardson ("Richardson"), a prisoner in the McPherson Unit of the Arkansas Division of Correction ("ADC"), has filed a *pro se* § 1983 Complaint alleging Defendant Dennis McGinnis ("McGinnis") violated her constitutional rights. *Doc. 1*. Before she may proceed with this action, the Court must screen her claims.[1]

Richardson alleges that McGinnis racially discriminated against her by: (1) allowing white prisoners to wear their hair in ponytails and braids, in violation of the ADC's policy that all hair must be free flowing, but accusing Richardson of having hair, which she contends is natural and not in dreadlocks, braids, or cornrows,

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

that does not comply with the policy; (2) allowing white prisoners to charge their tablets but denying Richardson and other black prisoners the same privilege on several occasions; (3) allowing white prisoners to retrieve their tablets outside the designated "Tablet Call" time but refusing to allow Richardson and other black prisoners to do so; and (4) aggressively "snatching down" a line she had strung in her cell to air dry her clothes but ignoring the same type of clothing line that white females had strung in their cells.

*For screening purposes only*, Richardson has pled a viable racial discrimination claim against Defendant McGinnis. Accordingly, service of that claim is proper.

Richardson also alleges that, on January 22, 2021, McGinnis retaliated against her for filing a grievance. The Court will address that claim in a separate Recommendation.

IT IS THEREFORE ORDERED THAT:

1. Richardson may PROCEED with her racial discrimination claims against McGinnis.

2. The Clerk is directed to prepare summons for McGinnis.

3. The United States Marshal is directed to serve the summons, the Complaint (*Doc. 2*), and this Order on McGinnis through the ADC Compliance Office without prepayment of fees and costs.[2]

IT IS SO ORDERED this 3rd day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] If McGinnis is no longer employed by the ADC, the individual responding to service must file a **sealed** statement providing his last known private mailing address.