IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ANGELA RICHARDSON
ADC #712575                                                           PLAINTIFF

v.                              No. 3:22-cv-82-DPM

DENNIS MCGINNIS,
Sgt., McPherson Unit, ADC                                             DEFENDANT

## ORDER

1.  On *de novo* review, the Court mostly adopts and partly declines the Magistrate Judge's recommendation, *Doc. 87*, and sustains Richardson's objections on tablet retrieval and otherwise overrules them, *Doc. 88*. Fed. R. Civ. P. 72(b)(3).

2.  McGinnis's motion for summary judgment, *Doc. 66*, is partly granted and partly denied. The grant: Richardson's equal protection claim based on the grooming policies is dismissed with prejudice. The denial: her equal protection claim based on the tablet-charging policy, the tablet-retrieval policy, and the clothesline incident will proceed to trial.

3.  I respectfully disagree with the Magistrate Judge on the tablet-retrieval part of Richardson's claim. Issues of material fact exist there. While Richardson hasn't provided a specific date that she was denied her tablet after the call period, in her verified complaint she says she

was denied when she missed the call period. *Doc. 2 at 8.* In her appeal of her grievance, she specifies that it had happened within the month before the white inmate, Madewell, was allowed late access on 5 January 2022. *Doc. 2 at 40.* Plus, Madewell says (by affidavit) that she was not late that day because of work. *Doc. 21 at 13.* According to the ADC policy, work is the only excuse for missing call. *Doc. 66-4.* Richardson says Madewell slept through the call period. *Doc. 2 at 39.* Officer McGinnis responded to the related grievance, saying that Madewell was late because of work. *Ibid.* He also says there was a staffing shortage, which prompted late access. *Ibid.* But Richardson says in her verified complaint that she and others got their tablets as usual between 7:00 and 8:30 a.m. on January 5th, which was not around 4:35 p.m., when Madewell received hers. *Doc. 2 at 8.* All this is enough to create fact questions about equal treatment in tablet retrieval.

4. Richardson's motion for summary judgment, *Doc. 73*, is denied.

5. Richardson's claim for compensatory damages is dismissed because she has not shown a physical injury, which is required under the Prison Litigation Reform Act. 42 U.S.C. § 1997e(e); *Royal v. Kautzky*, 375 F.3d 720, 722–23 (8th Cir. 2004). Headaches, without more, do not satisfy the physical-injury requirement. *Compare Williams v. Roper*, 2018 WL 1420271, at *8 (E.D. Mo. 22 Mar. 2018) (stress headaches), *with Munn v. Toney*, 433 F.3d 1087, 1089 (8th Cir. 2006) (headaches based on

the denial of medical treatment). She may seek nominal damages. And, depending on the proof at trial, her claim for punitive damages may go to the jury.

6. The Court returns this case to Magistrate Judge Moore to appoint counsel for Richardson for trial. A Final Scheduling Order will issue.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

4 March 2025